UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRISTOSAL HUMAN RIGHTS et al., *Plaintiffs,* v. PETER MAROCCO et al., *Defendants.* | Case No. 1:25-cv-00857-LLA |

## JOINT STATUS REPORT

Plaintiffs, nine grantees of the Inter-American Foundation, filed this action on March 21, 2025, to challenge a series of actions Defendants have taken with respect to the Foundation. *See* ECF No. 1, Compl. Plaintiffs also moved for a preliminary injunction on March 21, 2025. *See* ECF No. 6-1 (Mem. in Supp.), ECF No. 6-12 (Proposed Order). Plaintiffs noticed this case as related to another currently pending in this Court, *Aviel v. Gor*, No. 1:25-cv-00778-LLA, which challenges Defendants' removal of the Foundation's President and CEO, Sara Aviel.

On Monday, March 24, 2025, the Court entered a minute order directing the parties to meet and confer and to file a joint status report proposing a schedule for Plaintiffs' motion no later than today, March 26. Counsel for the parties have conferred.

Accordingly, the parties propose the following briefing schedule:

- Defendants shall oppose Plaintiffs' motion on Monday, March 31
- Plaintiffs shall reply in support of their motion on Wednesday, April 2.

Finally, consistent with the agreement of the parties in *Aviel v. Gor* that Foundation grantees are not obligated to return grant funds during the pendency of motion proceedings in that matter (as initially required by the March 4, 2025, letter sent to grantees canceling their grants, *see, e.g.*, Bullock

Decl. ¶ 9, Ex. A, ECF No. 6-8), the parties in this matter have agreed that grantees also are relieved of the purported obligation (as also set forth in the March 4 letter) to file final reports during the pendency of the government's agreement to suspend the obligation to return funds.

<u>Plaintiffs' Additional Positions:</u>

For reasons explained in Plaintiffs' Motion for a Preliminary Injunction, *see* ECF No. 6-1 at 31, Plaintiffs respectfully submit that relief from this Court is needed no later than April 4, 2025, because that is the date on which Foundation staff have been given notice that their termination will become final. Plaintiffs contend it would be difficult, if not impossible, for the Court to unwind that action and prevent further irreparable harm. Plaintiffs' counsel therefore asked counsel for Defendants if the government would be willing to pause the April 4, 2025, planned termination of Foundation staff—essentially letting them remain on administrative leave—to allow for an orderly briefing and hearing on Plaintiffs' motion over the next couple of weeks. Defendants declined to pause the planned April 4 termination of Foundation staff. Plaintiffs therefore respectfully request that the Court hold a hearing, if possible, no later than Thursday, April 3, to allow time for the Court to decide Plaintiffs' motion before Foundation staff are terminated. Plaintiffs also note that this Court has scheduled a hearing in *Aviel v. Gor* for next Wednesday, April 2, at 2 p.m., and Plaintiffs understand that the Court will be considering a request for overlapping relief regarding the planned termination of Foundation employees. Should the Court wish to combine the hearing in this matter with the April 2 hearing scheduled in *Aviel*, Plaintiffs will in that instance accelerate the filing of their reply brief to 10 a.m. on April 2 to allow the Court to fully consider both motions together. In the alternative, Plaintiffs respectfully submit that, if the Court declines to hold a hearing in this matter before April 4th, the Court may wish to enter a brief administrative stay of the planned reduction in force of Foundation employees, *see* 5 U.S.C. § 705, to preserve the Court's ability to consider Plaintiffs' requested relief on a slightly less-expedited schedule.

<u>Defendants' Additional Positions:</u>

Defendants respectfully submit that a Joint Status Report is not the proper vehicle for Plaintiffs to request further relief, such as an administrative stay. In any event, for reasons that will be explained in Defendants' forthcoming opposition to Plaintiffs' Motion for Preliminary Injunction, Plaintiffs are not entitled to any emergency relief.

March 26, 2025							Respectfully submitted,

/s/   Kate Talmor
Kate Talmor* (Maryland Bar)
Rupa Bhattacharyya (D.C. Bar. No. 1631262)†
Mary B. McCord (D.C. Bar. No. 427563)
Samuel Siegel* (California Bar)
Gregory Briker (D.C. Bar. No. 90030391)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
    AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6728
kt894@georgetown.edu
ss5427@georgetown.edu
gb954@georgetown.edu

*Attorneys for Plaintiffs*

*Pro hac vice application forthcoming. DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member.

†*Application for Admission to DDC Bar forthcoming.*

YAAKOV M. ROTH
Acting Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

/s/ Alexander W. Resar
ALEXANDER W. RESAR
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch 1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-8188
Email: alexander.w.resar@usdoj.gov

Counsel for Defendants