**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CRISTOSAL HUMAN RIGHTS et al., *Plaintiffs,* v. PETER MAROCCO et al., *Defendants.* | Case No. 1:25-cv-00857-LLA |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULES**

Plaintiffs, nine grantees of the Inter-American Foundation, filed this action on March 21, 2025, to challenge a series of actions Defendants have taken with respect to the Foundation. *See* ECF No. 1, Compl. Plaintiffs also moved for a preliminary injunction on March 21, 2025. *See* ECF No. 6-1 (Mem. in Supp.), ECF No. 6-12 (Proposed Order). Plaintiffs noticed this case as related to another currently pending in this Court, *Aviel v. Gor*, No. 1:25-cv-00778-LLA ("*Aviel*"), which challenges Defendants' removal of the Foundation's President and CEO, Sara Aviel.

On April 2, 2025, the Court held a hearing on Plaintiffs' motion for a preliminary injunction consolidated with plaintiff's motion for a temporary restraining order and preliminary injunction in *Aviel. See* Minute Entry (Apr. 2, 2025). On April 4, 2025, the Court granted the motion for preliminary injunction in *Aviel* and ordered the *Cristosal* Plaintiffs to show cause on April 7, 2025, "whether the court is required to rule on Plaintiffs' pending Motion for a Preliminary Injunction, or whether the parties may proceed directly to expedited summary judgment briefing, in which case they should confer with the parties in *Aviel v. Gor*, No. 25-CV-778, and propose a joint briefing schedule on or before April 9, 2025." ECF No. 18 (Order). The parties have conferred and were unable to agree on next steps in this case. Accordingly, the parties respectfully submit the competing proposals below.

**I.      Plaintiffs' Proposal**

As indicated in their April 7, 2025, notice, Plaintiffs agree with the Court's suggestion that expedited summary judgment is appropriate to resolve Plaintiffs' claims. *See* ECF No. 18. Plaintiffs will file their motion for summary judgment this coming Monday, April 14, 2025. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Plaintiffs agree with Defendants' position below that Defendants should be able to present any jurisdictional or other defenses to Plaintiffs' claims, and that the Court should assure itself of its own jurisdiction, but no reason exists to bifurcate the proceedings. Defendants should assert any grounds for dismissal of Plaintiffs' claims by combining their opposition to the motion for summary judgment Plaintiffs will file on April 14 with a motion to dismiss, or, in the alternative, for summary judgment. Defendants provide no cogent reason that the Court cannot consider their jurisdictional arguments, including their argument under the Tucker Act, in resolving Plaintiffs' summary judgment motion.

Defendants' request below that this Court stay all proceedings in this matter is procedurally improper, as a Joint Status Report is not an appropriate vehicle for seeking affirmative relief. Their request to stay proceedings during pendency of the appeal in *Aviel* is unwarranted, moreover, because Defendants currently are asking the D.C. Circuit to stay the order in *Aviel*. Plaintiffs' claims here, and their basis for standing, differ significantly from that in *Aviel*. Defendants' proposal to stay proceedings (or, for that matter, to significantly delay briefing) could leave Plaintiffs unprotected if Defendants receive a stay from the D.C. Circuit and immediately resume their unlawful attempts to shutter the Foundation.

Because Plaintiffs are permitted to move for summary judgment "at any time," *see* Fed. R. Civ. P. 56(b), Defendants' request that the Court forestall their obligation to respond to Plaintiffs' forthcoming motion until after resolving a motion to dismiss is, like their request to stay proceedings,

procedurally improper in a Joint Status Report, since any such request would need to be presented through a motion to stay Plaintiffs' summary judgment motion once it has been filed. The Court should enter the following briefing schedule, which will allow the parties to present all issues necessary for final judgment on Plaintiffs' claims:

- Plaintiffs will move for summary judgment on Monday, April 14.
- Defendants move to dismiss (or, in the alternative, for summary judgment) and oppose Plaintiffs' motion Friday, April 25.
- Plaintiffs oppose Defendants' motion and reply in support of summary judgment Friday, May 2.
- Defendants reply in support of their motion the following Wednesday, April 7.
- Plaintiffs reserve the right to renew their motion for preliminary injunction should the status of the Court's order in *Aviel v. Gor* materially change.

Plaintiffs anticipate that the briefing necessary for these motions will be significantly coextensive with the issues presented in the briefing already filed by both parties on Plaintiffs' motion for preliminary injunction, and thus that this modest expedition of the time granted under the local rules will not present a hardship for the parties. Moreover, Defendants' contention that the Court must resolve their forthcoming motion to dismiss to allow them to determine what agency actions require production of an administrative record is groundless. Plaintiffs' counsel confirmed via email to Defendants' counsel yesterday that Plaintiffs' arbitrary-and-capricious claim, the only claim that could require consideration of an administrative record, is limited to Defendants' decision to cancel all of the Foundation's contracts and grants. There is thus no ambiguity regarding what final agency action is challenged under Plaintiffs' arbitrary-and-capricious claim. If Defendants take the position that any administrative record exists to support that decision, and Defendants intend to rely on any such record documents, Defendants should produce those documents with their motion on April 25. On information and belief, Plaintiffs do not believe that any voluminous administrative record exists to document the decision to cancel the Foundation's contracts and grants and thus that production of any such record should not delay briefing of this matter.

**II.     Defendants' Proposal**

Defendants respectfully request that this Court stay this action pending the D.C. Circuit's resolution of defendants' appeal in *Aviel*. Defendants submit that such a stay would preserve judicial and party resources because the parties could brief (and this Court could resolve) the overlapping claims with the benefit of the D.C. Circuit's instruction in *Aviel*. And a stay would not prejudice Plaintiffs because this Court's order in *Aviel* voided both the grant terminations and broader unwinding of the Foundation that Plaintiffs challenge here. *See* ECF No. 18-1 (Order) at 2 (ordering "that any actions taken by Peter Marocco in his role as "acting" Board member of the IAF—including . . . the termination of any grants or other forms of agreements entered into by the IAF, and the attempted reduction-in-force of the IAF's employees—are *void ab initio* and without any legal effect"). Accordingly, Plaintiffs are challenging agency actions that have no legal effect and that are imposing no harm while this Court's order in *Aviel* remains in place. Indeed, if the D.C. Circuit were to affirm this Court's order, this Court could not provide further meaningful relief to the *Cristosal* Plaintiffs, and this action would be moot. *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 534 (D.C. Cir. 2015) ("Judicial review is precluded where 'events have so transpired that a judicial decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'") (internal alterations omitted). Conversely, if the D.C. Circuit were to vacate or reverse this Court's order in *Aviel*, this Court could resolve the *Cristosal* Plaintiffs' pending motion for a preliminary injunction with the benefit of appellate court instruction.

If this Court declines to stay this action, Defendants respectfully submit that this Court should assure itself of its jurisdiction over Plaintiffs' claims through Rule 12(b)(1) motion practice before resolving cross-motions for summary judgment. In light of the Supreme Court's recent order in *Department of Education v. California*, 604 U.S. ----, 2025 WL 1008354 (U.S., Apr. 4, 2025) (per curiam), Defendants submit that this Court lacks jurisdiction over Plaintiffs' claims. In that case, which also

involved challenges to grant terminations broadly applied throughout a specific program, the Supreme Court concluded that "the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA" because "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* Moreover, Defendants contend that Rule 12(b)(1) motion practice is necessary to determine the contours of Plaintiffs' Administrative Procedure Act (APA) claims. Assuming Plaintiffs' APA claims survive a motion to dismiss, cross-motions for summary judgment would require compilation and certification of the administrative record. *See Chiayu Chang v. United States Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) ("Judicial review of agency action is generally limited to the administrative record."); *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (similar). But the scope of that administrative record will turn, at least in part, on this Court's determination of which agency actions this Court may review under the APA.

Accordingly, Defendants propose the following briefing schedule:

- **April 18, 2025**: Defendants' motion to dismiss
- **April 30, 2025**: Plaintiffs' opposition
- **May 7, 2025**: Defendants' reply

[And, if necessary]:

- **21 days after the Court issues its decision on Defendants' motion to dismiss**: Defendants produce the administrative record
- **14 days after the administrative record is filed**: Plaintiffs' motion for summary judgment
- **14 days after Plaintiffs' motion for summary judgment**: Defendants' cross-motion for summary judgment and opposition
- **14 days after Defendants' cross-motion**: Plaintiffs' reply and opposition
- **7 days after Plaintiffs' reply and opposition**: Defendants' reply.

In all events, if Plaintiffs move for summary judgment on April 11, 2025, Defendants request a briefing schedule that grants Defendants twenty-one (21) days to file the administrative record and

to file a combined opposition and cross-motion to dismiss or, in the alternative, for summary judgment.

April 9, 2025

Respectfully submitted,

/s/ Kate Talmor
Kate Talmor* (Maryland Bar)
Rupa Bhattacharyya)† (D.C. Bar No. 1631262)
Gregory Briker (D.C. Bar No. 90030391)
Mary B. McCord (D.C. Bar No. 427563)
Samuel P. Siegel* (California Bar No. 294404)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
  AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6806
kt894@georgetown.edu
rb1796@georgetown.edu
gb954@georgetown.edu
ss5427@georgetown.edu

*Attorneys for Plaintiffs*

---

*  DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member.

†Application for DDC Admission pending

YAAKOV M. ROTH
*Acting Assistant Attorney General*

JOSEPH E. BORSON
*Assistant Branch Director*

/s/ *Alexander W. Resar*
ALEXANDER W. RESAR
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-8188
Email: alexander.w.resar@usdoj.gov

*Counsel for Defendants*