UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRISTOSAL HUMAN RIGHTS, *et al.*,

*Plaintiffs,*

v.

PETER MAROCCO, *et al.*,

*Defendants.*

Case No. 1:25-cv-857-LLA

Plaintiffs hereby respond to the Court's August 13, 2025, Minute Order specifically ordering supplemental briefing to address how the D.C. Circuit's decision in *Global Health Council v. Trump*, No. 25-5097, 2025 WL 2326021 (D.C. Cir. Aug. 13, 2015) ("Original Panel Opinion"), *amended and superseded by* ___ F. 4th ____, 2025 WL 2480618 (D.C. Cir. Aug, 28, 2025) ("Amended Panel Opinion"), impacts this matter. In short, as explained more fully below, the Amended Panel Opinion does not foreclose most of Plaintiffs' claims, and the Court should decide them expeditiously.

## BACKGROUND

The D.C. Circuit issued its Original Panel Opinion in *Global Health Council* on August 13, 2025. The *Global Health Council* plaintiffs immediately sought en banc review and the government subsequently sought emergency relief from the Supreme Court from its obligation to comply with the district court's preliminary injunction while the proceedings on appeal continued. Petition for Rehearing En Banc, *Global Health Council v. Trump*, D.C. Cir. No. 25-5097, Doc. 2130328 (Aug. 15, 2025); Application to Stay the Injunction, *Trump v. Global Health Council*, Supreme Court No. 25A227 (Aug. 26, 2025).

Thereafter, the *Global Health Council* panel majority amended the Original Panel Opinion to narrow its sweep, the en banc court denied further review, and the mandate was issued. *See Global*

1

*Health Council*, 2025 WL 2480618; Order, *Global Health Council v. Trump*, D.C. Cir. No. 25-5097, Doc. 2132525 (Aug. 28, 2025) (per curiam) (denying en banc review) ("En Banc Order"); Mandate, *Global Health Council v. Trump*, D.C. Cir. No. 25-5097, Doc. 213528 (Aug. 28, 2025). The government then withdrew its application to the Supreme Court for a stay of the district court's preliminary injunction. Letter Withdrawing Application, *Trump v. Global Health Council*, Supreme Court No. 25A227 (Aug. 29, 2025).

Like Plaintiffs here, the plaintiffs in *Global Health Council* challenged the Executive Branch's refusal to spend certain foreign aid funds. 2025 WL 2480618 , at *1. Among other things, they alleged that this impoundment of funds violated the separation of powers. *Id.* at *3-*4. As relevant here, the Amended Panel Opinion construed the plaintiffs' constitutional separation-of-powers claim to be "predicated on underlying statutory violations" of the Congressional Budget and Impoundment Control Act ("ICA"), Pub. L. No. 93-344, 88 Stat. 297, the Anti-Deficiency Act, 97-258, 96 Stat. 877 (1982), and the Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, 138 Stat. 460, and held those claims foreclosed by *Dalton v. Specter*, 511 U.S. 462 (1994). *Global Health Council*, 2025 WL 2480618, at *8. It also held that the ICA precluded plaintiffs from asserting a contrary-to-law claim under the Administrative Procedure Act ("APA") to the extent that they claimed that the law that had been violated was the ICA. *Id.* at *9-*11. The Amended Panel Opinion did not address whether the ICA (or any other provision of law) prevented plaintiffs from asserting APA contrary-to-law claims based on other "substantive provisions, including the 2024 Appropriations Act." *Id.* at *11 n.17. Finally, the Amended Panel Opinion held that plaintiffs could not bring an *ultra vires* claim that the government defendants had exceeded their statutory authority under the ICA, because the plaintiffs had not shown that the actions challenged were in "excess of [the defendant agencies'] delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Id.* at *12 (quoting *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 722 (D.C. Cir. 2022)). Because the

2

ICA "provides that the Executive may carry out lawful impoundments subject to certain procedures and restrictions and the [plaintiffs] can point to no specific prohibition the defendants have violated to an extreme and nearly jurisdictional degree," this claim failed. *Id.* The panel did not address whether an *ultra vires* claim based on other provisions of law could proceed. *Id.* at *8 n.14.

Judge Pan dissented from the Amended Panel Opinion (as she had from the Original Panel Opinion, *see* 2025 WL 2326021, at *13-31,) providing a point-by-point response to the majority's reasoning, *see* 2025 WL 2480618, at *14-*32. But she agreed with the majority that the Amended Panel Opinion "le[ft] open the [plaintiffs'] APA claims based on the Appropriations Act," and emphasized that the plaintiffs were "free to pursue that claim on remand." *Id.* *25 n.4. She also noted that the "majority's discussion of the [plaintiffs'] *ultra vires* claim addresses only the ICA." *Id.*

Judge Pan also dissented from the denial of rehearing en banc on similar grounds. *See* En Banc Order (Pan, J., dissenting from the denial of rehearing en banc). Separately, Judge Garcia issued a statement respecting the denial of rehearing en banc. In his view, the question whether a plaintiff may bring a constitutional challenge to the Executive Branch's decision to unilaterally decline to spend billions of dollars appropriated by Congress was an "important" and "complex one," that "in a future case may warrant the Court's en banc review." *Id.* (statement of Garcia, J., respecting the denial of rehearing en banc).

On remand, the district court entered a new preliminary injunction, ordering the government defendants to obligate certain foreign-aid funds before they expire on September 30, 2025, absent action by Congress to effectuate a valid rescission of those appropriations. *See Global Health Council v. Trump*, D.D.C. No. 25-00402 (AHA), ECF No. 139 at 41-42 (Sept. 3, 2025) ("Renewed PI Opinion"). The D.C. Circuit thereafter denied both the government's motion for an administrative stay and a stay pending appeal. *See* Order, *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, D.C. Cir. No. 25-5317, Doc. 2133786 (Sept. 5, 2025) (per curiam). On the date of this filing, the government filed an application

3

to the Supreme Court seeking to partially stay the new preliminary injunction and for an administrative stay of the injunction, which remains pending at the time of the filing of this brief. Application for Partial Stay of the Injunction, *U.S. Dep't of State v. AIDS Vaccine Advoc. Coal.*, Supreme Court No. 25A269 (Sept. 8, 2025).

## ARGUMENT

For the reasons set forth below, the Amended Panel Opinion in *Global Health Council* does not foreclose most of Plaintiffs' claims in this case. This Court's grant of summary judgment to Plaintiffs as to those claims would grant them full relief.

***Separation of powers claim.*** The Amended Panel Opinion's separation-of-powers analysis was limited to the argument that the Executive Branch had violated the separation of powers by impounding funds. *See* 2025 WL 2480618, at *6-*9. But here, Plaintiffs have also argued that Defendants' *decimation of the Foundation itself* violates the separation of powers, as distinct from the impoundment of appropriated funds. *See* Compl. ¶ 98, ECF No. 1. Specifically, Plaintiffs allege that structural constitutional principles prevent Defendants from "functionally abolishing an agency created by Congress . . . that, as a matter of federal law, 'shall have perpetual succession unless sooner dissolved by an Act of Congress.'" Compl. ¶ 98 (quoting 22 U.S.C. § 290f(e)(1)). Defendants' efforts to dismantle the Inter-American Foundation by interfering with its statutorily prescribed permanent succession, firing the Foundation's employees, terminating its contracts, shutting down its website, withholding grant funds, eliminating the support services that Plaintiffs (and other grantees) receive from the Foundation, and closing the Foundation's offices, provides the basis for Plaintiffs' claim. *See* Compl. ¶¶ 96-99; Compl. Prayer for Relief ¶¶ c, e-i. The Amended Panel Opinion does not foreclose that claim. Indeed, the Amended Panel Opinion distinguished *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952), as a case concerning "the conceded *absence* of *any* statutory authority, not a claim that the President acted in excess of such authority." 2025 WL 2480618, at *7 (quoting *Dalton*, 511

4

U.S. at 473). But that is precisely what Plaintiffs here allege in their challenge to Defendants' dismantling efforts: that neither the President nor his subordinates possess any authority, constitutional or statutory, to abolish the Foundation by fiat. Compl. ¶ 98. For that reason, and as explained more fully in Plaintiffs' summary judgment reply (ECF No. 28 at 15-16), *Dalton* (and, by extension, the Amended Panel Opinion) do not foreclose Plaintiffs' separation of powers claim except for the part premised on the ICA.

**Ultra Vires *Appointments Clause and Federal Vacancies Reform Act claim.*** Similarly, the Amended Panel Opinion has no impact on Plaintiffs' *ultra vires* claim regarding Defendant Peter Marocco's purported service in violation of the Appointments Clause and the Federal Vacancies Reform Act, 5 U.S.C. §§ 3345-3349e. *See* Compl. ¶¶ 104-07. No similar claim was raised in *Global Health Council*. *See* 2025 WL 2480618, at *3 (listing the plaintiffs' claims). And the majority specifically noted that "ultra vires review remains available to test presidential action alleged to violate any spending or *other statute*." *Id.* at *8 n.14 (emphasis added); *accord id.* at *25 n.4 (Pan, J., dissenting). Plaintiffs are entitled to relief on their *ultra vires* claim premised on Marocco's invalid appointment for the reasons set forth in this Court's opinion in *Aviel v. Gor*, D.D.C. No. 25-778, ECF No. 50, Mem. Op. (Aug. 14, 2025).

***APA contrary-to-law claim.*** The Amended Panel Opinion likewise does not foreclose every part of Plaintiffs' APA contrary-to-law claim. The Amended Panel Opinion held that the ICA cannot be enforced through an APA contrary-to-law claim. *See* 2025 WL 2480618, at *9-*11. This holding admittedly precludes Plaintiffs' APA contrary-to-law claim to the extent it challenges action contrary to the ICA. *See* Compl. ¶¶ 115-18; *see infra* p. 9. But the Amended Panel Opinion does *not* preclude this claim to the extent it challenges Defendants' actions as violative of the Anti-Deficiency Act, the 2024 Further Consolidated Appropriations Act, and the Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, 139 Stat. 9. *See* Compl. ¶ 117 (alleging that Defendants'

5

blanket denial of funding is "contrary to law and in excess of statutory authority because . . . the Anti-Deficiency Act, the 2024 Further Consolidated Appropriations Act, and the 2025 Full-Year Continuing Appropriations and Extensions Act all create a mandatory, nondiscretionary duty to make available and disburse the Foundation's funds as needed for it carry out its legislatively directed mission"). On the contrary, the Amended Panel Opinion pointedly "[did] not decide whether the ICA precludes suits under the APA to enforce appropriations acts." *Global Health Council*, 2025 WL 2480618, at *11 n.17; *see also id.* at *25 n.4 (Pan, J., dissenting) (same). And on remand, the district court in *Global Health Council* held that similar claims were not foreclosed by the Amended Panel Opinion. *See* Renewed PI Opinion at 11-26.

The rationale of the Renewed PI Opinion makes clear why the Amended Panel Opinion does not foreclose Plaintiffs' APA contrary-to-law claim predicated on the Appropriations Acts and the Anti-Deficiency Act. As the district court explained, while the Amended Panel Opinion forecloses review of APA claims to the extent that they are premised on "violations of the ICA," Renewed PI Opinion at 13, it did not otherwise upset the general presumption favoring judicial review of agency action, *id.* at 12-13. On the contrary, in opposing the petition for rehearing en banc, the government "acknowledged that nothing in [the panel's] decision disturbed a private plaintiff's ability to enforce appropriations acts through the APA." *Id.* at 13. That concession followed as a matter of course from the Supreme Court's decision in *Train v. City of New York*, 420 U.S. 35 (1975), which the government recognized allowed a court to "enjoin a refusal to spend appropriated funds where the relevant statutes required that the funds be spent." *Id.* (quoting Response to Petition for Rehearing En Banc, *Global Health Council v. Trump*, D.C. Cir. No. 25-6097, Doc. 2131127 at 16 (D.C. Cir. Aug. 20, 2025)); *see also id.* at 14-15 (discussing *Train*). Although—at least under the Amended Panel Opinion—the ICA's notification and enforcement mechanisms displaced the presumption of judicial review for violations of the ICA itself, "it would be quite another thing to say the ICA eliminates judicial review and there

6

is no 'meaningful avenue' for relief when an executive agency unilaterally declines to spend funds in violation of appropriations acts." *Id.* at 14 (quoting En Banc Order (Garcia, J., statement respecting the denial of rehearing en banc)). Indeed, neither the Appropriations Acts nor the Anti-Deficiency Act have the features of the ICA that the panel majority pointed to in concluding that the ICA forecloses private rights of action for violations of that statute: a "complex scheme" governing the Executive-Legislative Branch dialogue about how the statutes operate, and a provision directing that the Comptroller General of the United States may bring suit for violations of those laws. *Global Health Council*, 2025 WL 2480618, at *10.

The conclusion that Plaintiffs may bring APA contrary-to-law claims under the Appropriations Acts and the Anti-Deficiency Act is entirely consistent with the government's position in this case. At no point have Defendants argued that the ICA's scheme forecloses Plaintiffs' claims to the extent that they are premised on violations of these laws. *See generally* Combined Mem. in Support of Defs.' Cross-Mot. to Dismiss or, in the Alternative, for S.J. & in Opp. to Pls.' Mot. for S.J., ECF No. 26 (May 2, 2025). And for the reasons Plaintiffs have argued in their motion for summary judgment and reply (ECF No. 24-1 at 39-40, ECF No. 28 at 25-26), Plaintiffs are entitled to relief on this claim. *See also* Renewed PI Opinion at 21-26 (explaining why the plaintiffs in *Global Health Council* are likely to succeed on a similar claim).

In the remand proceedings in *Global Health Council*, the government raised three additional arguments as to why the court could not review the plaintiffs' claims. *See* Renewed PI Opinion at 15-21. The government has not made those arguments here, but to the extent it might in light of the Amended Panel Opinion, they would fail. In the *Global Health Council* remand proceedings, the government first argued that further review was foreclosed because, after the petition for rehearing en banc was denied, the President submitted a special message to Congress under ICA procedures, proposing rescission of a portion of the appropriated funds. *Id.* at 15. As Plaintiffs explained in their

7

August 6, 2025, notice to this Court, although the President submitted, and Congress approved, a different rescission message with respect to the Inter-American Foundation's funds, that rescission did not impact Plaintiffs' grant funding because their funding has already been obligated, and the rescission reached only unobligated balances. *See* ECF No. 32. The rescission package at issue in *Global Health Council* did not include any reference to Inter-American Foundation funds. *See* Notice of Transmittal of Special Message Under 2 U.S.C. § 683, Ex. 3, *Global Health Council v. Trump*, D.D.C. No. 25-00402 (AHA), ECF No. 129 (Aug. 29, 2025).

The government in *Global Health Council* also argued that the plaintiffs' claims did not fall within the "zone of interests" of the 2024 Appropriations Act. Renewed PI Opinion at 16; *see also Global Health Council*, 2025 WL 2480618, at *11 n.17 (declining to reach the government's argument that plaintiffs fell outside the ICA's zone of interest). The district court rejected that argument, Renewed PI Opinion at 16, and its reasoning applies here. The zone of interest test is "not a demanding one," and only prevents a plaintiff from suing if their interests are "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id.* at 17 (quoting *Mendoza v. Perez*, 754 F.3d 1002, 1017 (D.C. Cir. 2014)). That is plainly not the case here: As in *Global Health Council*, Plaintiffs "not only compete for [Inter-American Foundation] funds but also have been the recipients of such funds for years." *Id.*; *see, e.g.*, Bullock Decl. ¶¶ 5, 11, ECF No. 6-11; Reátegui Decl. ¶¶ 3-5, 7, ECF No. 6-11; Chaux Decl. ¶¶ 5, 9 ECF No. 6-10. And Plaintiffs "work in specific areas that overlap with categories for which Congress has appropriated funds." Renewed PI Opinion at 17; *see* 22 U.S.C. § 290f(b), (c).

Finally, the government on remand in *Global Health Council* argued that the plaintiffs had not challenged a final agency action. *See* Renewed PI Opinion at 18-21. The district court properly rejected that argument. *Id.* Any similar argument in this case would fail. As in *Global Health Council*, Plaintiffs here challenge the government's "unilateral decision not to spend the funds Congress has

8

directed in the appropriations act." *Id.* at 18; *see* Compl. ¶¶ 51-75, 110-11, 117. And the government "still ha[s] no intention to spend the funds Congress has appropriated." Renewed PI Opinion at 18. That decision is "final in any relevant respect." Renewed PI Opinion at 19.

**APA arbitrary-and-capricious and 5 U.S.C. § 706(1) claims.** Finally, the Amended Panel Opinion has no bearing on Plaintiffs' arbitrary-and-capricious claim, Compl. ¶¶ 108-14, or their claim that the impoundment of obligated funds violates the Treasury Department's mandatory, nondiscretionary duty to disburse funds under 5 U.S.C. § 706(1), Compl. ¶¶ 119-23. Indeed, with respect to Plaintiffs' § 706(1) claim, the Amended Panel Opinion specifically distinguished such a claim when discussing the effort to rebut *Dalton*. *See* 2025 WL 2480618, at *8 (citing *In re Aiken County*, 725 F.3d 255 (D.C. Cir. 2013)). For the reasons explained by the Renewed PI Opinion (at 26-29) and set forth in Plaintiffs' summary judgment briefing, *see* ECF No. 28 at 37-39, 40, this Court should grant Plaintiffs relief on those claims.

**Claims Foreclosed by the Amended Panel Opinion.** Plaintiffs concede for the purposes of proceedings in this Court that the Amended Panel Opinion forecloses some of their claims. Specifically, to the extent their separation-of-powers claim is predicated on the Executive Branch's impoundment of Inter-American Foundation funds, *see* Compl. ¶¶ 90-95, it is foreclosed by the Amended Panel Opinion's conclusion that, in light of the ICA, such claims may not be brought under *Dalton*. *Global Health Council*, 2025 WL 2480618, at *6-*8. Similarly, to the extent that Plaintiffs' APA contrary-to-law and *ultra vires* claims are predicated on the Executive Branch's violation of the ICA, *see* Compl. ¶¶ 101-03, 117, they are foreclosed by the Amended Panel Opinion. *See* 2025 WL 2480618, at *9-*13. To be clear, Plaintiffs believe that these conclusions are deeply flawed for the reasons set forth in Judge Pan's thorough dissent, *see id.* at *25-*31 (Pan, J., dissenting), and her opinion explaining her dissent from the denial of rehearing en banc, *see* En Banc Order (Pan, J., dissenting from the denial of rehearing en banc). Plaintiffs respectfully contend that

9

the Amended Panel Opinion's analysis may soon be revisited by the full court of appeals, for reasons stated by Judges Pan and Garcia, and Plaintiffs expressly preserve their fully briefed arguments on these claims for purposes of appeal.

September 8, 2025

Respectfully submitted,

/s/ *Samuel P. Siegel*
Kate Talmor (D.C. Bar No. 90036191)
Rupa Bhattacharyya (D.C. Bar No. 1631262)
Mary B. McCord (D.C. Bar No. 427563)
Samuel P. Siegel (D.C. Bar No. 90035964)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
   AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6806
kt894@georgetown.edu
ss5427@georgetown.edu

*Attorneys for Plaintiffs*